# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

## CHRISTIAN CONSTRUCTION, INC.
## and JAMES C. PARNELL

**PLAINTIFFS**

v.                          No. 3:23-cv-145-DPM

**HEATHER OWENS, Assistant City
Attorney; MIKE MCQUAY, Code
Enforcement; CITY OF JONESBORO,
Municipality; and HAROLD
COPENHAVER\*, Mayor, City of
Jonesboro**

**DEFENDANTS**

## ORDER

1.     In August 2019, the Craighead County District Court found
James Parnell guilty of violating a local ordinance prohibiting unsightly
and unsanitary conditions on real property.  When Parnell didn't clean
his property, the judge ordered the city's code enforcement office to
bring Parnell's property into compliance.  Parnell was undergoing
cancer treatments during some of the relevant times.  Parnell appealed.
On motion, his appeal was dismissed as untimely.  *See State v. Parnell,*

---

\* I've known Mayor Copenhaver for many years, and we attend church
together.  Because this case only involves claims against him in his
official capacity as mayor, *Doc. 1 at 6*, rather than any claims against
him personally, I do not believe my impartiality could reasonably be
questioned.  28 U.S.C. § 455(a).

16JCR-19-1355 (Craighead County Cir. Ct. 2020). The city then cleaned Parnell's property, removing approximately $22,000 in personal items.

Parnell sues Owens, McQuay, Copenhaver, and the City of Jonesboro under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act. He alleges they violated his Fourth, Eighth, and Fourteenth Amendment rights. He makes several claims: that Owens committed prosecutorial misconduct; that city officials unconstitutionally removed his personal property; and that city officials weren't properly trained on how to enforce code violations. Parnell has pressed these claims before. *Parnell v. City of Jonesboro*, Case No. 3:20-cv-395-BSM (E.D. Ark. 2022). The facts are the same. Only the parties are different.

**2.** Some preliminary points. First, a responsive pleading was filed on behalf of all the defendants within twenty-one days of service. *Docs. 3-6 & 8*; Fed. R. Civ. P. 12(a)(1)(A)(i). The motions for default judgment, *Doc. 10, 11, 14 & 15*, are therefore denied.

Second, a corporation cannot proceed *pro se*. It must have a lawyer. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Christian Construction, Inc. is an Arkansas corporation. Parnell isn't a lawyer. Christian Construction will therefore be dismissed as a named plaintiff. *United States v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993) (*per curiam*).

Last, Owens is entitled to absolute prosecutorial immunity. She acted within the scope of her prosecutorial duties when she filed a

–2–

motion to dismiss Parnell's criminal appeal. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). The claims against her will be dismissed with prejudice.

**3.** The remaining defendants assert preclusion defenses. The Court applies federal common law when deciding the preclusive effect of a federal-court judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

Parnell's claims against Jonesboro are precluded. In his prior lawsuit, he was the only plaintiff and Jonesboro was the only defendant. There was a final judgment on the merits in a court of competent jurisdiction. *Doc. 39 & 40* in *Parnell*, Case No. 3:20-cv-395-BSM. And both lawsuits involve the same cause of action and arise out of the same core facts. *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). His claims against Jonesboro will be dismissed with prejudice.

Parnell's official-capacity claims against Copenhaver and McQuay are also precluded. Copenhaver is Jonesboro's mayor. McQuay is a Jonesboro code enforcement officer. Claim preclusion "bars a plaintiff from suing a succession of public officials on the same official-capacity claim." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007); *see also Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987). Copenhaver and McQuay—in their official capacities—are therefore treated as Jonesboro for purposes of claim preclusion.

*Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983). Parnell's official-capacity claims against Copenhaver and McQuay will be dismissed with prejudice.

McQuay—in his individual capacity—isn't treated as being one with Jonesboro. *Headley*, 828 F.2d at 1279. But that distinction is immaterial under the related doctrine of issue preclusion. If Parnell had a full and fair opportunity to litigate an identical issue of fact or law that was necessarily decided in his earlier lawsuit, then he can't relitigate the issue. *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996). Parnell presses Fourth Amendment claims against McQuay. *Doc. 1 at 8*. This Court necessarily decided those issues when it ruled on the cross motions for summary judgment in the first suit. *Doc. 39* in *Parnell*, Case No. 3:20-cv-395-BSM. And there is no reason to doubt the "quality, extensiveness, or fairness" of the prior litigation. *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979). Parnell therefore can't relitigate these Fourth Amendment issues now. His individual-capacity claims against McQuay will be dismissed with prejudice.

**4.** In the absence of any basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over both Parnell's Arkansas Civil Rights Act and harassment claims. 28 U.S.C. § 1367(c)(3); *McManemy v. Tierney*, 970 F.3d 1034, 1040-41 (8th Cir. 2020).

*       *       *

–4–

The defendants' motion to dismiss, *Doc. 8*, is granted. The plaintiffs' motions for default judgment, *Doc. 10, 11, 14 & 15*, are denied. The defendants' motion for protective order, *Doc. 22*, is denied as moot.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*18 January 2024*